IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH APPLE ID "GWOPGETTA_LA@ ICLOUD.COM" THAT IS STORED AT PREMISES CONTROLLED BY APPLE INC. | No. |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Nicholas Gowen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Apple Inc. ("Apple"), an electronic communications service and/or remote computing service provider headquartered at One Apple Park Way, Cupertino, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Apple to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent with the United States Drug Enforcement Administration and have been so employed since January of 2024. Previous to my assignment with the DEA, I was employed by the Portland, Maine Police Department for

eleven years. In 2019 I became a Task Force Officer with the Federal Bureau of Investigation (FBI) Southern Maine Gang Task Force. From 2019 through January of 2024, I worked as both a detective with the Portland Police Department, as well as a Task Force Officer with the FBI.

3. In my law enforcement career, I have investigated the distribution of various types of scheduled drugs and familiarized myself with current criminal trends and behaviors of drug traffickers. I am familiar with and have participated in various methods of investigation, including but not limited to physical and electronic surveillance, to include the use of pen registers, the use of court authorized wire and electronic intercepts, and search warrants of various electronic media.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended only to provide the facts necessary for a determination of probable cause for the requested warrant.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the Controlled Substances Act, to include 21 U.S.C. §§ 841, 843, 846, and 856 have been committed by defendants Lesley Isler, Scotty Beausejour, and their associates. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a),

(b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. I hereby adopt and incorporate by reference my affidavit filed in support of a criminal complaint charging defendants Isler and Beausejour with conspiring to distribute controlled substances, and possession with intent to distribute controlled substances, currently pending in this Court at case number 2:26-mj-132-KFW, attached hereto as Exhibit 1. I further adopt and incorporate by reference my affidavit filed in support of a warrant to search the cellular device of defendant Beausejour, pending in this Court at case number 2:26-mj-133-KFW, attached hereto as Exhibit 2.

8. On about May 4, 2026, DEA began reviewing data extracted from the iPhone 16 Pro Max seized from defendant Isler pursuant to the search of his residence (as detailed in Exhibit 1) and pursuant to his arrest. Subsequently, I learned that the Isler's iPhone 16 Pro Max was associated with the Apple ID "Gwopgetta_la@icloud.com," and that the account had been backed up as recently as on the date of the device's seizure by law enforcement.

9. From my review of Isler's device, I have learned that Isler used his cellular phone to conduct his drug business. For example, below is a photograph of a cellular phone that was resident in Isler's device:




10. I believe that the conversation captured in the screenshot reprinted above is drug related. Specifically, based on its content, I believe that the contact "G" is a drug dealer who is able to supply associates of Isler with drugs in New York, such that they need no longer travel to California in order to re-up their drug supply. Although DEA diligently searched Isler's device, we have been unable to determine where this image originated. It is believed that the content of the requested iCloud account could contain information relevant to the identification of "G" and the origin of the photograph, among other similar information.

11. Also on about April 16, 2026, DEA seized an Apple iPhone from defendant Scotty Beausejour pursuant to his arrest, and began searching the device pursuant to a judicially authorized warrant on about May 4, 2026. That review revealed electronic conversations between Beausejour and Isler that I believe to be drug related. For example, on about January 1, 2026, the two exchanged the following messages[1]:

| | |
|---|---|
| Beausejour's device: | I'm coming |
| Beausejour's device: | I'm outside |
| Isler's device: | It's downstairs on the counter u know the code right |
| Beausejour's device: | Nah |
| Isler's device: | 122382 |
| Beausejour's device: | Kk |
| Isler's device: | Just leave wat u got on the counter |
| Beausejour's device: | Kk |
| Isler's device: | Yo I'm about to head anything else for me before I leave |
| Beausejour's device: | Nah I'm waiting on one more person other than that I'm dry |

12. Based on my training and experience and my involvement in this investigation, I believe these messages are drug related. Specifically, I believe that Isler was instructing Beausejour to enter his residence to retrieve drugs, cash, or both from the counter. When Isler asked if there was "anything else for me" before he was going to leave, Beausejour responded that he was only "waiting on one more person other than

[1] Note that any spelling, grammar, or similar errors are reprinted here from the original messages.

that I'm dry," meaning that he was waiting to serve one more customer, so that there wouldn't be any additional drug purchasing from Isler at that time.

13. Of note, this and other conversations between Beausejour and Isler were not recovered from Isler's device, which leads me to believe that the messages were manually removed from Isler's device. As detailed further below, I know that messages removed from a device might yet be recovered from an iCloud back-up, depending on the user's settings.

14. On May 8, 2026, I provided Apple with a preservation request for the Target Account; Apple confirmed receipt, agreed to preserve the data for 90 days, and supplied me with its own internal case number relating to my request, which is Case no. CE-26-0007.

**BACKGROUND CONCERNING APPLE**[2]

15. Apple is a United States company that produces the iPhone, iPad, and iPod Touch, all of which use the iOS operating system, and desktop and laptop computers based on the Mac OS operating system.

16. Apple provides a variety of services that can be accessed from Apple devices or, in some cases, other devices via web browsers or mobile and desktop

---

[2] The information in this section is based on information published by Apple on its website, including, but not limited to, the following document and webpages: "U.S. Law Enforcement Legal Process Guidelines," available at https://www.apple.com/legal/privacy/law-enforcement-guidelines-us.pdf; "Manage and use your Apple ID," available at https://support.apple.com/en-us/HT203993; "iCloud," available at http://www.apple.com/icloud/; "Introduction to iCloud," available at https://support.apple.com/kb/PH26502; "What does iCloud back up?," available at https://support.apple.com/kb/PH12519; and "Apple Platform Security," available at https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.

applications ("apps"). As described in further detail below, the services include email, instant messaging, and file storage:

a. Apple provides email service to its users through email addresses at the domain names mac.com, me.com, and icloud.com.

b. iMessage and FaceTime allow users of Apple devices to communicate in real-time. iMessage enables users of Apple devices to exchange instant messages ("iMessages") containing text, photos, videos, locations, and contacts, while FaceTime enables those users to conduct audio and video calls.

c. iCloud is a cloud storage and cloud computing service from Apple that allows its users to interact with Apple's servers to utilize iCloud-connected services to create, store, access, share, and synchronize data on Apple devices or via icloud.com on any Internet-connected device. For example, iCloud Mail enables a user to access Apple-provided email accounts on multiple Apple devices and on iCloud.com. iCloud Photo Library and My Photo Stream can be used to store and manage images and videos taken from Apple devices, and iCloud Photo Sharing allows the user to share those images and videos with other Apple subscribers. iCloud Drive can be used to store presentations, spreadsheets, and other documents. iCloud Tabs and bookmarks enable iCloud to be used to synchronize bookmarks and webpages opened in the Safari web browsers on all of the user's Apple devices. iCloud Backup allows users to create a backup of their device data. iWork Apps, a suite of productivity apps (Pages, Numbers, Keynote, and Notes), enables iCloud to be used to create, store, and share documents, spreadsheets, and presentations. iCloud Keychain enables a user to keep website

username and passwords, credit card information, and Wi-Fi network information synchronized across multiple Apple devices.

d. Game Center, Apple's social gaming network, allows users of Apple devices to play and share games with each other.

e. Find My allows owners of Apple devices to remotely identify and track the location of, display a message on, and wipe the contents of iOS devices, as well as share their location with other iOS users. It also allows owners of Apple devices to manage, interact with, and locate AirTags, which are tracking devices sold by Apple.

f. Location Services allows apps and websites to use information from cellular, Wi-Fi, Global Positioning System ("GPS") networks, and Bluetooth, to determine a user's approximate location.

g. App Store and iTunes Store are used to purchase and download digital content. iOS apps can be purchased and downloaded through App Store on iOS devices, or through iTunes Store on desktop and laptop computers running either Microsoft Windows or Mac OS. Additional digital content, including music, movies, and television shows, can be purchased through iTunes Store on iOS devices and on desktop and laptop computers running either Microsoft Windows or Mac OS.

17. Apple services are accessed through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services. The account identifier for an Apple ID is an email address, provided by the user. Users can submit an Apple-provided email address (often ending in @icloud.com, @me.com, or @mac.com) or an email address associated with a third-party email provider (such as Gmail, Yahoo, or Hotmail). The Apple ID can be used to access most Apple services

(including iCloud, iMessage, and FaceTime) only after the user accesses and responds to a "verification email" sent by Apple to that "primary" email address. Additional email addresses ("alternate," "rescue," and "notification" email addresses) can also be associated with an Apple ID by the user. A single Apple ID can be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism.

18. Apple captures information associated with the creation and use of an Apple ID. During the creation of an Apple ID, the user must provide basic personal information including the user's full name, physical address, and telephone numbers. The user may also provide means of payment for products offered by Apple. The subscriber information and password associated with an Apple ID can be changed by the user through the "My Apple ID" and "iForgot" pages on Apple's website. In addition, Apple captures the date on which the account was created, the length of service, records of log-in times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to and utilize the account, the Internet Protocol address ("IP address") used to register and access the account, and other log files that reflect usage of the account.

19. Additional information is captured by Apple in connection with the use of an Apple ID to access certain services. For example, Apple maintains connection logs with IP addresses that reflect a user's sign-on activity for Apple services such as iTunes Store and App Store, iCloud, Game Center, and the My Apple ID and iForgot pages on Apple's website. Apple also maintains records reflecting a user's app purchases from App Store and iTunes Store, "call invitation logs" for FaceTime calls, "capability query logs" for iMessage, and "mail logs" for activity over an Apple-provided email account.

Records relating to the use of the "Find My" service, including connection logs and requests to remotely find, lock, or erase a device, are also maintained by Apple.

20. Apple also maintains information about the devices associated with an Apple ID. When a user activates or upgrades an iOS device, Apple captures and retains the user's IP address and identifiers such as the Integrated Circuit Card ID number ("ICCID"), which is the serial number of the device's SIM card. Similarly, the telephone number of a user's iPhone is linked to an Apple ID when the user signs into FaceTime or iMessage. Apple also may maintain records of other device identifiers, including the Media Access Control address ("MAC address"), the unique device identifier ("UDID"), and the serial number. In addition, information about a user's computer is captured when iTunes is used on that computer to play content associated with an Apple ID, and information about a user's web browser may be captured when used to access services through icloud.com and apple.com. Apple also retains records related to communications between users and Apple customer service, including communications regarding a particular Apple device or service, and the repair history for a device.

21. Apple provides users with five gigabytes of free electronic space on iCloud, and users can purchase additional storage space. That storage space, located on servers controlled by Apple, may contain data associated with the use of iCloud-connected services, including: email (iCloud Mail); images and videos (iCloud Photo Library, My Photo Stream, and iCloud Photo Sharing); documents, spreadsheets, presentations, and other files (iWork and iCloud Drive); and web browser settings and Wi-Fi network information (iCloud Tabs and iCloud Keychain). iCloud can also be used to store iOS device backups, which can contain a user's photos and videos, iMessages, Short Message

Service ("SMS") and Multimedia Messaging Service ("MMS") messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, Apple Watch backups, and other data. Some of this data is stored on Apple's servers in an encrypted form but may nonetheless be decrypted by Apple. Records and data associated with third-party apps, including the instant messaging service WhatsApp, may also be stored on iCloud.

22. In my training and experience, evidence of who was using an Apple ID and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

23. For example, the stored communications and files connected to an Apple ID may provide direct evidence of the offenses under investigation. Based on my training and experience, instant messages, emails, voicemails, photos, videos, and documents are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

24. In addition, the user's account activity, logs, stored electronic communications, and other data retained by Apple can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be

evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

25. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

26. Other information connected to an Apple ID may lead to the discovery of additional evidence. For example, the identification of apps downloaded from App Store and iTunes Store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

27. Therefore, Apple's servers are likely to contain stored electronic communications and information concerning the defendant Lesley Isler's use of Apple's services. In my training and experience, such information may constitute evidence of

the crimes under investigation including information that can be used to identify the account's user or users.

## CONCLUSION

28. Based on the forgoing, I request that the Court issue the proposed search warrant.

29. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Apple. Because the warrant will be served on Apple, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Nicholas Gowen
Special Agent
U.S. Drug Enforcement Administration

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Jul 15,2026

City and state: Portland, Maine

Judge's signature

David M. Cohen, U.S. Magistrate Judge
Printed name and title